BENJAMIN BROCKWAY *v.* GEORGE MASON.

*Promissory note.*

It is no defense to a promissory note that it was given upon the purchase of a piece of land from the payee, and that he agreed to procure a warranty deed of it from a third person, and that he procured from him only a quit-claim deed, when it appears that the defendant has accepted the quit-claim deed, together with a warranty deed from the payee, and has taken and kept possession of the premises, and it is not claimed that a good title to them has not been thereby obtained.

And if this were otherwise in an action in favor of the payee, if the note, being negotiable, was, *bona fide* and for a full consideration, endorsed before it became due, it would constitute no defense to a suit in favor of the endorsee.

ASSUMPSIT on promissory note, dated April 25, 1853, payable in one year from date to Daniel N. Beckwith or order, and endorsed by him to the plaintiff. Plea, the general issue ; trial by jury, June Term, 1856,— POLAND, J., presiding.

The plaintiff produced the note declared on and proved its execution and endorsement. It appeared that this note was given by the defendant upon his purchase from its payee of a house and lot in Sutton, on which occasion the payee gave to the defendant a contract or bond to procure a warranty deed of the same from one Truman Beckwith, who lived in Rhode Island. Upon sending to him for a deed he sent up a quit-claim instead of a warranty deed, whereupon the said Daniel N. Beckwith executed to the defendant his own warranty deed of the same premises, and the defendant accepted both deeds, and put them on record, and went into possession of the premises. The plaintiff gave evidence tending to prove that the defendant accepted said deeds as a full and entire fulfillment of the bond or contract which he agreed to give up ; but the defendant testified that he accepted the deeds, but that as he did not know whether they would give him a good title, he was to keep the contract or bond as a further security for the title, and that he did not agree to accept the deeds as a full performance of the contract and give up the bond. There was no suggestion but that the two deeds conveyed to the defendant a good title, or that he had been disturbed by any other title. The plaintiff proved that on the 17th of June, 1853, the said Daniel N. Beckwith sold and transferred this note to one Dean Whitlock for a full

consideration, and without notice of any defense thereto; and that about the first of June, 1855, Whitlock sold and transferred the same to the plaintiff.

Upon this evidence the court directed a verdict for the plaintiff for the amount of the note, to which the defendant excepted.

———— ————, for the defendant.

*E. A. Cahoon*, for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J.   In this case the testimony offered on the the part of the defendant amounts to no defense to the note sued, even upon the defendant's construction of it, and if the suit were for the benefit of Beckwith.

If the payee of the note were the plaintiff in the action, and it were shown that he had refused to perform the contract on his part, and declined giving any deed whatever, or if he had offered a quit-claim deed when the contract required a deed of warranty, and it had been refused, it might amount to a defense to the note, as a total failure of consideration.

But in the present case both a quit-claim and a warranty deed were offered and accepted, and possession of the land taken, and the title is perfect.   And if this were not accepted as full satisfaction, it was still such performance and acceptance as will preclude the defendant from repudiating it.   He can now only go for such damage as he has sustained in consequence of the failure of strict performance, which will be merely nominal, if anything, and is not valid as a defense to the note, even to that extent, as has been often decided.

In addition to this the case finds expressly that the note was *bona fide*, and for full consideration, endorsed to Whitlock before due, and this must exclude all defenses of this character.

Judgment affirmed.